## FIXING THE PERIOD OF DISTRIBUTION.

Common Pleas Court of Hamilton County.

### MARY PATTERSON COTTY v. ANNIE E. ARTHUR AND MIRIAM BALDWIN.

Decided, April 15, 1921.

*Wills—Estates Will Not be Cut Down Because of Doubts or Inferences —Title Quieted Against the Contingency of an Executory Devise.*

The court holds that the executory devise based upon the contingency, "should my daughter, Mary, die without issue her surviving," was dependent upon her death occurring before she arrived at the age of twenty years, the point of distribution provided in the will, and that upon her arriving at the age of twenty she took an absolute fee simple title.

*Charles F. Malsbary, W. A. Hicks,* attorneys for plaintiff. *Kramer & Bettman,* attorneys for defendants.

MATTHEWS, J.

This is an action to quiet the title to certain real estate owned by William G. Patterson at the time of his death. The plaintiff alleges that she is the owner of an absolute fee simple title to said real estate. The defendants admitting that the plaintiff owns a fee simple title claim that that fee simple title is subject to a condition subsequent upon the happening of which an executory devise in their favor takes effect. All parties claim under the will of William G. Patterson, and the issue is determinable only by a construction of the terms of that will. The provisions thereof necessary to be construed here are found in Items 4, 5, 6, 7, 8, and 11, which are as follows:

"Item 4. I give, bequeath and devise to my beloved wife, the residence at No. 1732 Freeman Avenue, Cincinnati, Ohio, for her use and enjoyment during her natural life.

"Item 5. I give, bequeath and devise to my beloved wife the use and income from all of my remaining real estate until my beloved daughter Mary arrives at the age of twenty years.

"Item 6. The provisions in Item 3, 4, and 5 to my beloved

wife, shall be in addition to her dower right in my estate, but shall be in lieu of all other demands which she may have upon my estate. But my wife shall be charged with the care, support, maintenance and education of my said daughter Mary, until she is twenty years old as aforesaid.

"Item 7. Subject to the life estate of my wife in No. 1732 Freeman avenue, and the bequest to her of my remaining real estate until my daughter arrives at twenty years of age, I give, bequeath and devise all real estate to my daughter Mary, to her, her heirs and assigns forever, to be conveyed to her as hereinafter provided.

"Item 8. Should my daughter Mary die without issue her surviving, then I give and bequeath to my beloved wife for life all real estate of which I die seized, she to have the income thereof as long as she may survive me. And at her death I give, bequeath and devise to my beloved sister, Mary Jane Arthur, of Williamette, near Chicago, Illinois, the real estate known as 951 Findlay street, Cincinnati, Ohio, and to my beloved niece Mary Jane Greason of Covington, Kentucky, the premises known as Nos. 1401 and 1403 John street, Cincinnati, Ohio, and to my beloved niece Sarah A. Mitchell, of Wichita, Kansas, the premises known as No. 1405 John street and 1732 Freeman avenue, Cincinnati, Ohio, to each of them their heirs and assigns forever.

"Item 11. I hereby bequeath and devise to Philip Roettinger, as trustee, all of my real estate to be held and administered my said trustee in trust for my beloved wife until my daughter Mary shall arrive at the age of twenty years. When my daughter shall arrive at twenty years of age, then my said trustee shall convey to her real estate in accordance with the provisions of my will aforesaid. Should my daughter not live until she arrives at twenty years of age and decease before that time without issue her surviving, then my said trustee shall hold and administer the real estate so devised to him during the life of my wife, paying the net income to her from time to time as she may require, and at her death he shall convey to my sister, Mary Jane Arthur, to my niece, Mary Jane Greason, and to my niece, Sarah A. Mitchell, or their heirs if they do not survive, the real estate respectively devised to them. I desire that my daughter shall make her home with my beloved wife, and I request both my wife and daughter to take counsel from my said trustee, Philip Roettinger, as they may need advice from time to time. I have full confidence in the discretion and integrity of my said trustee, and request him especially to take an interest in my daughter during her minority."

At the time this will was executed the plaintiff, who was the testator's daughter, was twelve years of age, and she arrived at the age of twenty years on June 11, 1911. It is the claim of the plaintiff that the testator by the language in Item 8, "Should my daughter Mary die without issue her surviving" meant when taken in conjunction with the other provisions of the will above quoted, that the executory devise dependent upon that contingency was only to take effect in the event of her death before arriving at the age of twenty years, whereas it is the contention of the defendants that there is no language found in said provisions qualifying the terms of Item 8, and that the natural import of the language used in Item 8 is that the executory devises were to take effect upon the death of the daughter without issue her surviving, no matter when that event occurred.

The fundamental rule universally recognized by the courts in the construction of wills is that the intention of the testator as expressed governs. The are, however, certain well recognized secondary rules for the purpose of acertaining the intent imbedded in the language of a will. One of these secondary rules is stated in *Collins* v. *Collins*, 40 O.S., 353, at 364 and 365, in this language:

" 'It is the rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate can not be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate."

And another rule is as stated in *Bierce* v. *Bierce*, 41 O. S., 241, at 256, as follows:

"The policy of Ohio law is unfavorable to entails. Is it not also, so unfavorable to provisions 'tying' up property that it will not by liberal construction create such limitations?"

Analyzing the provisions of this will we find that by Item 7 the plaintiff was given the absolute fee simple estate in this language: "I give, bequeath and devise all real estate to my daugh-

ter Mary, her heirs and assigns forever, to be conveyed to her as hereinafter provided." It would not be possible to use language more clearly and positively devising a fee simple estate. Do the subsequent provisions in the will cut down or limit this estate, and if so, to what extent? If they do it is clear from the subsequent terms of the will that to the extent of the change an absolute, vested fee simple estate is divested and a contingent executory estate is substituted.

It will be noted that Item 7 refers to the fact that the estate given to the plaintiff, that is the estate to her, her heirs and assigns forever, was to be conveyed to her "as hereinafter provided." The provision for conveyance thereafter provided is found in Item 11, and that conveyance was to take place upon the arrival of the daughter at the age of twenty years, and in the event of her death prior to that time without issue. the trustee was to hold the real estate during the lifetime of the testator's wife, and then convey.

In the case of *Sinton* v. *Boyd,* 19 O. S., 30. it was held as stated in the syllabus:

"In the construction of wills, words of survivorship should be referred to the period appointed by the will for the payment or distribution of the subject-matter of the gift, unless a contrary intention is evidenced by the language of the will."

This principle was applied in the case of *Pendleton* v. *Bowler,* 27 Weekly Law Bulletin, 313, affirmed by the Supreme Court without report in 54 O. S., 664, in *Miller* v. *Miller,* 10 N. P. (N.S.), 630, affirmed by the Supreme Court without report in 88 O. S., 563, in *Wood* v. *Wood,* 22 N.P.(N.S.), 302, and in the more recent case of *Cavanaugh* v. *Rexer,* 23 N.P.(N.S.), 60.

In *Pendleton* v. *Bowler,* supra, the court enters into an exhaustive review of all the cases at that time upon this subject, and at page 320 says:

"If we go back now to the controlling authorities in which the construction of the words 'die without issue' has arisen, we shall find that the provisions of this will as to the personal property point to what is called a *period of distribution* at the death of the wife Anne, and that when such a period is found in a will the proper construction of it is that the words 'die without

issue' are to be referred to the period during the life of the wife Anne.".

And the court held that where there was such a point of distribution found in the language of the will the rule stated in *Parish* v. *Ferris*, 6 O. S., 574, did not apply for the reason that the testator, by providing for a period of distribution prior to the death of a beneficiary, had shown his intention to limit the ordinary meaning of the words "die without issue" so as to require that contingency to happen before the period of distribution arrives.

The result of the decisions construing wills containing similar provisions is stated in Underhill on Wills, at 465 and 466, in this wise:—

"So, also, if the testator has given a vested remainder to A, which he has expressly directed is to be assigned or transferred to him *after the termination of a life estate in B*, with a devise over to C upon A's death without issue, it will be held that A's death without issue *during the life of B was intended, and if A shall survive B* he will at once take an absolute and indefeasible interest."

The author has collected the authorities in support of the text in a footnote.

Applying these collateral rules of construction to the terms of the will in question leads to the conclusion that the testator has by his own language contained in Items 7 and 11 of the will limited the natural and ordinary meaning of the words used in Item 8, so as to require the contingency of his daughter Mary "dying without issue her surviving" to take place prior to said daughter's arrival at the age of twenty years in order for her estate to be divested and that of the defendants to take effect. A period of distribution is fixed at that time by Item 11, and by Items 7 and 11 the daughter is then to receive a deed for and enter into possession of the estate devised to her by Item 7. According to the authorities that is the time fixed for the vesting of the estate provided for in the will. Independently of all rules of construction, a reading of all the provisions of this will leads the court to the same conclusion. By Item 7 the daughter is given the absolute fee simple estate, and that estate was to be

conveyed to her "as hereinafter provided." By Item 11 it was
provided that the conveyance to her was to be made upon her
arrival at the age of twenty years; and by Item 11 that convey-
ance was to be made "in accordance with the provisions of my
will aforesaid." In the opinion of the court the ordinary con-
struction of that language in Item 11, is that it refers to the
language in Item 7, and the conveyance referred to in Item 7
is that provided for in Item 11; and it would not be possible for
the conveyance provided in Item 11 to transfer the estate de-
vised in Item 7 other than by giving to the daughter an abso-
lute fee simple estate.  A conveyance by the trustee to the
daughter of a defeasible fee simple estate would not satisfy the
terms of Item 7. Furthermore, it appears by the terms of Item
11 that the testator provided for the estate to be held in trust
until the happening of contingencies.  If the daughter lived to
be twenty years of age the trust estate was to terminate then and
a conveyance made to her.  If she did not live to be twenty
years of age and died before that time without issue her surviv-
ing, the trust was to continue during the lifetime of the testator's
wife, and upon her death the trustee was to make the conveyance
to those then entitled in fee simple.

If the construction urged by the defendants was adopted the
court would be required to say that the testator provided for the
holding of the estate in trust for his widow in the event the
daughter died without issue before reaching the age of twenty
years, but that if she died without issue after arriving at that
age, then there was to be no trust estate in favor of the wife,
and that the wife should thereupon enjoy a life estate without
the intervention of a trustee.

If there was a reason for creating a trust estate in favor of
the wife in the event the daughter died before reaching the age
of twenty years, it seems to the court that the same reason would
exist in the event the daughter died after arriving at the age of
twenty years; and the court can see in this situation confirmation
of the construction to which the court is lead by the application
of the rules of construction heretofore referred to.

For the foregoing reasons it is the opinion of the court that
upon the arrival of the plaintiff at the age of twenty years, an

absolute estate in fee simple vested in her; that the contingency upon which the defendants were to have an estate by way of executory devise can not possibly happen, for the reason that the time within which it was to happen. if at all, has expired, and that therefore the plaintiff is entitled to have her title quieted against the claims of the defendants.